TYRE J. DINKINS, complainant,

*v.*

FREDERICK E. KIP et al., executors and trustees, &c., et al., defendants.

FRANCIS B. ELLIS, complainant,

*v.*

FREDERICK E. KIP et al., executors and trustees, &c., et al., defendants.

[Decided May 14th, 1932.]

*Mr. Spaulding Frazer,* for the complainant.

*Mr. Merritt Lane,* for the defendants.

BERRY, V. C.

The complainants in the above stated causes are property owners in the town of Montclair. The complainant Dinkins owns property adjoining that of the defendants and the complainant Ellis owns property on Myrtle avenue in Montclair, and opposite, or nearly so, to that owned by the defendants. The material allegations in the two bills of complaint are so nearly identical as to require but one statement. These allegations are to the effect that on May 10th, 1921, the town

of Montclair adopted a zoning ordinance by the terms of which the defendants' property was placed in what is known as "residence A zone" and that the complainants' property is located in what is known as "residence C zone." It is further alleged that on June 23d, 1927, the defendants applied to the building inspector for a permit to erect a gasoline service station on their property, which permit was refused; that on June 27th, 1927, an appeal was taken to the board of adjustment and that that board, on September 22d, 1927, refused to grant the permit on the ground that the proposed building was prohibited by the zoning ordinance, and ratified and confirmed the action of the inspector; that no writ was sued out by the defendants to review that finding; that in December, 1930, without any further application, the defendants reconstructed a stable theretofore located on their property into an automobile and gasoline service station, and on or about December 30th, 1930, began excavations for gasoline tanks, pumps, &c., whereupon they were warned by the board of commissioners of the town of Montclair not to proceed with the work; that on December 20th, 1930, the defendant Frederick E. Kip and certain workmen were arrested for violation of the zoning ordinance and, persisting, were, on December 22d, again arrested; that on January 9th, 1931, while the actions growing out of said arrests were still pending, the gasoline tanks and pumps were installed, whereupon Kip and his workmen were again arrested; that on January 9th and 12th, Kip was tried in the Montclair recorder's court on the complaint of December 20th, 1930, and convicted of the violation of section 2, subdivision 3 of the zoning ordinance, and fined the sum of $100; that the town of Montclair has failed to take proceedings under section 10 of the Zoning act of 1928 for the enforcement of the zoning ordinance other than the arrests referred to; that the use of the defendants' property as an automobile and gasoline service station will be injurious and damaging to the "full use and enjoyment of complainant's premises" and will be generally objectionable and cause irreparable damage. The answers to these two bills admit most of the material allegations, join issue on the

remainder, and allege that the conviction referred to in the bills of complaint was taken up to the Essex common pleas court for review; that defendants' property is not subject to the zoning ordinance; that to apply the zoning amendment to the New Jersey constitution, or the legislation enacted pursuant thereto, to the defendants' property, would be violative of the defendants' constitutional rights under the fourteenth amendment to the federal constitution; that there was a nonconforming use of the defendants' property at the effective date of the zoning legislation; that the maintenance of the automobile and gasoline service station does not constitute a nuisance; that the complainants have been guilty of laches, and lastly that this court has no jurisdiction in the premises.

In disposing of the issues here raised it is necessary to consider only the question of the jurisdiction of this court.

The bills were undoubtedly framed in view of the decision of this court in *Stokes* v. *Jenkins, 107 N. J. Eq. 318.*

The Dinkins bill was filed January 15th, 1931, and the Ellis bill on March 14th, 1931. *Stokes* v. *Jenkins* was decided in this court on December 10th, 1930, and it was there held that "a court of equity has jurisdiction to grant injunctive relief against a violation of a municipal zoning ordinance, on the complaint of an individual who shows he has sustained, or is likely to sustain, special damage as a result of such violation." During the progress of the final hearings in these causes, which were tried together, the court of errors and appeals decided *Srager* v. *Mintz, 109 N. J. Eq. 544,* affirming the decision of Vice-Chancellor Buchanan, and holding that "a court of equity will not enforce municipal ordinances by injunction unless the act sought to be restrained is a nuisance."

In so far as these two decisions are in conflict, the decision of the court of errors and appeals must be considered as overruling the prior decision of the court of chancery, and, in my judgment, is dispositive of the present issue. The sole purpose of these bills is to enforce the zoning ordinance of the town of Montclair. It has been repeatedly held that a garage is not, *per se,* a nuisance, nor is a garage and a gasoline ser-

vice station combined, *per se,* a nuisance. The evidence presented herein does not show that a nuisance is being maintained by the defendants. On the authority of *Srager* v. *Mintz, supra,* therefore, the bills will be dismissed.